**IN THE SUPERIOR COURT
OF GUAM**

GUAM TAMAGAWA CO., LTD., dba )
PACIFIC LAUNDRY & TEXTILE RENTAL )
SERVICE, )
)
)
Plaintiff, )
)
vs. )
)
)
CHAMORRO EQUITIES, INC., ROBERT )
ULLOA and WALTER D. ULLOA, )
)
)
Defendants. )
)
)
)
)

Civil Case no. CV 0068-12

**DECISION AND ORDER**
re: Motion to Deposit Funds

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 1, 2012 the Plaintiffs motion to deposit funds. The Plaintiff, Guam Tamagawa Co., is represented by Attorney Joyce C.H. Tang. Defendant Chamorro Equities, Inc. ("CEI")is represented by Attorney Rawleen M.T. Mantanona. Defendant Robert Ulloa is represented by Bill R. Mann. Defendant Walter Ulloa is represented by Attorney Carlos L. Taitano. After considering the matters presented, the court now issues the following decision and order granting the Plaintiff's motion to deposit funds.

## BACKGROUND

The instant action arises out of a lease agreement signed on April 29, 1989 by CEI, as Lessor, and Global Laundry & Linen Supply. Pacific Laundry is the successor to Global Laundry's interest as lessee under the Lease. On October 27, 2011, Walter Ulloa sent a letter to

Pacific Laundry which listed himself as President of CEI. *See* Exhibit B, Complaint. On November 29, 2011, a letter was received by Pacific Laundry which asserted Robert Ulloa as the President of CEI.

Subsequently, two additional letters were sent by Attorney Cesar Cabot and Attorney Bill Mann, both purporting to be corporate counsel for Defendant CEI, stating conflicting instructions as to the payment of rent. On January 6th, 2012, Guam Tamagawa dba Pacific Laundry filed a complaint to interplead and litigate their rights to the monthly contractual sum of Nine Thousand Three Hundred Seventy Six Dollars and Nine Cents ($9,376.09). On August 29, 2012, Plaintiff filed a motion to deposit funds. On September 17, 2012, Defendant Robert Ulloa and Defendant CEI filed their opposition to Plaintiff's motion. On September 24, 2012, Plaintiff filed their reply to Defendant's Opposition to Motion to Deposit Funds. The Court hereby grants Plaintiff's motion to deposit funds based on the following analysis.

## DISCUSSION

Under Guam law, an interpleader is permissible under Rule 22 of Guam Rules of Civil Procedure which states:

> "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or *may be exposed to double or multiple liability.* It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants..."

Interpleader action proceeds in two stages. In the first stage, court determines whether it is appropriate on the facts of the case. Is so, in the second stage, the court adjudicates the adverse claims to the interplead fund. *See* 4 Moore's Federal Practice §22.03(1)(a).

The instant motion is made pursuant to Rule 67 of Guam Rules of Civil Procedure and provides

"In an action in which any part of the relief sought is a judgment for a sum of money or the *disposition of a sum of money* or the disposition of any other thing capable of delivery, a party upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of the law. The fund shall be deposited in an interest- bearing account or invested in an interest-bearing instrument approved by the court."

Plaintiffs moves the Court for an order allowing it to deposit rental payments due to CEI. Defendant Robert Ulloa does not oppose the motion to deposit funds. Defendants Walter Ulloa and CEI oppose this motion on the grounds that the Court lacks subject matter jurisdiction.

Defendant Walter Ulloa and CEI contend the Court lacks subject matter jurisdiction because there must be at least two claimants to the funds sought to be interplead for Plaintiff to potentially be subject to multiple liability with respect to the lease payments. Generally, officers and members of a corporation may not sue or be sued in their own name." *First Commercial Bank v. Walker,* 969 S.W.2d 146, 151 (Ark. 1998) citing 19 C.J.S. Corporations §711. There is essentially only one party because both Defendant Robert and Walter are shareholders of CEI and have no personal claim to the funds. Thus, CEI is entitled to all of those funds and only CEI would have standing to sue. GRCP Rule 22 does not permit interpleader when there is just one claimant, there is no "adverse claim" to any of the funds because the funds are payable to one party, CEI.

Defendant CEI cites to two Guam superior court cases, CV1936-11 and CV1935-11,

which have dismissed the interpleader based on lack of subject matter jurisdiction. In *Macheche Plaza Development v. Chamorro Equities, Inc.*, the Court *sua sponte* dismissed the case for lack of subject matter jurisdiction. Although the decision and order by Judge Perez is noted, the Court finds the federal cases cited by Plaintiffs in their reply to be persuasive to this matter. Courts have agreed that where two factions of shareholders purport to act for the corporation and purport to give conflicting instructions with regards to funds due to corporation, an interpleader of funds is proper. *See Air Movers of America Inc. v. State National Bank of Alabama* 302 So. 2d 517 (Ala. 19974) and *First Union Nat. Bank of South Carolina v. FCVS Communications*, 469 S.E.2d 613, 615 (S.C. Ct. App. 1996) (Bank had conflicting instructions as to who the authorized signatories were on a corporate account. Interpleader was appropriate for the Court to determine the parties who are entitled to the checks).

Plaintiffs argue to justify interpleader, a stakeholder must in good faith have a real and reasonable fear of exposure to double liability or the vexation of conflicting claims. Primary purpose of interpleader is to enable a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. *See Indianapolis Colts v. Mayor of Baltimore*, 733 F2d 484, 486 (7th Cir. 1984). There need not be actual competing claims against the stakeholder for him to be entitled to interpleader as long as there is the potential for multiple claims. *See* 3a James W. Moore et al., Moore's federal practice ¶ 22.08[2], at 22-62 (2ded. 1995) The Court finds the federal interpretation of the rule to be persuasive and binding authority. Plaintiff is a neutral stakeholder and in good faith has a real and reasonable fear of exposure to double liability if the rent money is paid to the wrong account. Accordingly, the Court grants Plaintiffs motion to deposit funds. Until the Supreme

Court has resolved the internal dispute, between the shareholders, the rent money of Nine Thousand Three Hundred Seventy Six Dollars and Nine Cents ($9,376.09) is to be deposited to the clerk of the court and put into an interest bearing account approved by the Court.

Alternatively, Defendants argue the interpleader action should be stayed pending resolution of CVA11-020. A separate civil action CV1782-11 has been stayed pending resolution of the Supreme Court case. The decision in the Guam Supreme Court case appeal will impact the development of the instant case; therefore in the interests of judicial economy it would appear best to stay the case. The Court takes judicial notice that there are pending cases in front of the Supreme Court. However, Plaintiff is on notice there is an internal dispute within the board of directors in CEI. By denying the motion to deposit funds, the Court would in essence be dismissing the instant action. Thus, the Court denies Defendant's request to stay the case.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion to deposit funds.

SO ORDERED, this ___ day of ___ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

JAN 1 4 2013